IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| CARL G. NICHOLS, III, ) | |
| AND LIESE M. NICHOLS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 14-2903-STA-dkv |
| ) | |
| OCWEN LOAN SERVICING, LLC, ) | |
| and DEUTSCHE BANK ) | |
| NATIONAL TRUST COMPANY, ) | |
| ) | |
| Defendants. ) | |

---

## ORDER DENYING PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND DENYING MOTION FOR DEFAULT JUDGMENT

Before the Court are Plaintiffs Carl G. Nichols, III and Liese M. Nichols's Motion for Entry of Default (ECF No. 28) and Motion for Default Judgment (ECF No. 29), both filed on April 28, 2015. For the reasons set forth below, Plaintiffs' Motions are **DENIED**.

### BACKGROUND

Plaintiffs filed their initial Complaint on November 20, 2014, alleging claims to quiet title and remove cloud on title and seeking a declaration from the Court that debt allegedly owed by Plaintiffs to Defendants and secured by a deed of trust on Plaintiffs' home was no longer enforceable. On December 4, 2014, Plaintiffs amended their pleadings and also filed a motion for temporary restraining order to enjoin the foreclosure on their home scheduled for December 5, 2014. By order dated December 4, 2014, the Court denied Plaintiffs' motion for temporary restraining order because Plaintiffs had not shown a strong likelihood of success on the merits.

On January 27, 2015, Defendant Ocwen Loan Servicing, LLC ("Ocwen") filed a Rule

1

12(b)(6) motion to dismiss, arguing that Plaintiffs claims were *res judicata* and in the alternative that Plaintiffs had failed to state a claim for relief. The Court granted Ocwen's motion to dismiss by order dated April 17, 2015. The Court concluded that Plaintiffs had previously litigated or should have litigated any claim related to the validity of the note and deed of trust in the earlier case of *Carl G. Nichols, III, and Liese M. Nichols v. GMAC Home Mortgage Corporation and McCurdy & Candler, LLC*, civil case no. 2:10-cv-02072-RHC-cgc, W.D.Tenn. The Court further held that Plaintiffs had failed to state their claims for quiet title, to remove cloud on title, and for declaratory relief. Plaintiffs' theory that Defendants no longer had an enforceable right in the property based on the running of the statute of limitations was without merit. The Court dismissed Plaintiffs' Amended Complaint and entered judgment, thereby disposing of the case.

In their Motion for Entry of Default, Plaintiffs, who are proceeding *pro se*, seek entry of default against Defendant Deutsche Bank National Trust Company ("Deutsche Bank") pursuant to Federal Rule of Civil Procedure 55(a). Plaintiffs claim that Deutsche Bank failed to plead or otherwise defend in this case. For support Plaintiffs have attached an affidavit averring that Deutsche Bank was served with "the Complaint" and proof "was filed and entered with the Court on 12/2/2014." Because more than 21 days have passed since Deutsche Bank was served, Deutsche Bank is now in default. In their separately filed Motion for Default Judgment, Plaintiffs request entry of default judgment in their favor against Deutsche Bank. Plaintiffs have not specified what relief the Court should grant them in the default judgment.

After Plaintiffs filed their recent Motions with the Court, counsel entered an appearance (ECF No. 30) on behalf of Deutsche Bank and also filed a Motion for Correction (ECF No. 31). Deutsche Bank states that counsel for Ocwen also represents Deutsche Bank in this matter. Counsel for both Defendants prepared and filed the motion to dismiss, which the Court granted

on April 17, 2015. According to Deutsche Bank, counsel intended to file the motion to dismiss on behalf of both Defendants. Counsel only realized that he had not filed the motion to dismiss on Deutsche Bank's behalf when Plaintiffs filed their Motion for Entry of Default, after the Court had granted the motion to dismiss and entered judgment. Deutsche Bank requests then that the record reflect that the same attorney represents both Defendants, that the motion to dismiss filed on January 27, 2015, was filed on behalf of both Defendants, and that the order granting the motion to dismiss dismissed Plaintiffs' claims as to both Defendants.

## ANALYSIS

The Court finds that Plaintiffs' Motions are not well-taken and will therefore be denied. The Court entered an order granting Ocwen's motion to dismiss on April 17, 2015, and a judgment dismissing the case on April 21, 2015. Upon entry of judgment, Plaintiffs could only seek further relief by first seeking relief from the judgment itself pursuant to Federal Rule of Civil Procedure 60(b). Rule 60(b) permits a party to seek relief from a final judgment but only in clearly defined circumstances. Generally speaking, a motion under Rule 60(b) is not a substitute for an appeal.[1] In this instance Plaintiffs have not addressed Rule 60(b) or otherwise shown why the Court should disturb a final judgment. Instead Plaintiffs have asked the Court to enter default against one of the Defendants to this action. In the absence of some showing as to why the Court should grant them relief from judgment, the Court need not reach the merits of Plaintiffs' Motion for Entry of Default or Motion for Default Judgment. Plaintiffs' Motions must be denied for this reason alone.

Even if the Court did reach the merits of Plaintiffs' Motion for Entry of Default, the Court finds that Plaintiffs have not carried their burden to prove that Deutsche Bank was ever

---

[1] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

served with the Amended Complaint.  Rule 55(a) of the Federal Rules of Civil Procedure states that entry of default is mandatory when (1) "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and" (2) the party's "failure is shown by affidavit or otherwise."  Plaintiffs have failed to file any proof, by affidavit or otherwise, of the summons and Amended Complaint ever being served on Deutsche Bank.  Plaintiffs' affidavit states that Deutsche Bank was served with the Complaint and the return was filed on December 2, 2014.  However, the record actually shows that then-counsel for Plaintiffs caused the Clerk of Court to issue summons on December 2, 2014.  The record does not show that Deutsche Bank was actually served with summons on the same day.  What is more, Plaintiffs filed an Amended Complaint two days later on December 4, 2015.  The record does not show whether Plaintiffs ever caused summons to issue as to the amended pleading, and Plaintiffs' affidavit does not indicate that Deutsche Bank was ever served with the Amended Complaint.  Therefore, even on the merits, Plaintiffs have not shown why entry of default would be proper.

Finally, the Court notes that its order of dismissal actually dismissed all of Plaintiffs' claims against both Ocwen and Deutsche Bank.  In its order granting Ocwen's motion to dismiss, the Court concluded that some of Plaintiffs' claims were barred as *res judicata* and in the alternative that Plaintiffs had failed to state the remaining claims.  The Court finds it unnecessary to review all of the reasons supporting its dismissal of Plaintiffs' action here.  The Court would simply highlight that its order of dismissal clearly addressed the merits of Plaintiffs' claims against Ocwen and Deutsche Bank.  For example, in addressing the preclusive effect of Plaintiffs' previous suit on the claims asserted in the case at bar, the Court concluded that "Plaintiffs' claims about the rights of Defendants Ocwen and Deutsche Bank to foreclose in 2014

are not barred as *res judicata*. The Court considers whether Plaintiffs have stated any claim against Defendants Ocwen and Deutsche Bank more fully below."[2]

As for Plaintiffs' claim that Ocwen and Deutsche Bank lacked any enforceable interest in Plaintiffs' property, the Court held that "Plaintiffs have failed to allege any set of facts to show that *Defendants'* right to enforce the deed of trust is now time-barred. Therefore, the Amended Complaint fails to state *any* claim for quiet title and to remove cloud on title" or "for a declaration that *Defendants* no longer have an enforceable right in the property."[3] It is also clear that Plaintiffs were on notice that the motion to dismiss sought dismissal of all claims against both Ocwen and Deutsche Bank. Plaintiffs filed a response in opposition and attacked the factual grounds for any claim Deutsche Bank might have in Plaintiffs' property and argued that Deutsche Bank's claim to the property clouded Plaintiffs' title. In light of this record, the Court finds that entry of default against Deutsche Bank is not warranted. Accordingly, the Court has no need to consider Deutsche Bank's Motion for Correction and finds the Motion to be moot.[4]

Plaintiffs' Motion for Entry of Default and Motion for Default Judgment are **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: May 26, 2015.

---

[2] Order Granting Mot. to Dismiss 11 (ECF No. 26).

[3] *Id.* at 15 (emphasis added).

[4] Plaintiffs filed a Motion for Extension (ECF No. 32) on May 6, 2015, requesting an indeterminate extension of time in which to respond to Deutsche Bank's Motion for Correction. Because the Court finds Deutsche Bank's Motion for Correction to be moot, the Court also finds Plaintiffs' Motion for Extension to be moot.